| | |
|---|---|
| STATE OF SOUTH DAKOTA | IN CIRCUIT COURT |
| COUNTY OF PENNINGTON | SEVENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| DARIN D. BARSE,<br><br>  Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br><br>  Defendant. | Court File No. _____<br><br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Darin D. Barse, by and through his attorney of record, Kimberly Pehrson, of the law firm of Thomas Braun Bernard & Burke, LLP, and for his causes of action against Defendant, states and alleges as follows:

### PARTIES/JURISDICTION

1.　That at all times pertinent herein, Plaintiff Darin D. Barse (hereafter "Darin" or "Plaintiff") was a resident of Black Hawk, Meade County, State of South Dakota.

2.　That Defendant Menard, Inc. (hereafter "Menards") is a foreign business duly created and existing under the laws of the State of Wisconsin, with its principal place of business in Eau Claire, Wisconsin.

3.　That Menards owns and operates a "Menards" store located at 710 N. Creek Drive, Rapid City, South Dakota.

4.　This Court has jurisdiction over this action pursuant to Article V of the South Dakota Constitution and SDCL 16-6-9.

5.　Venue is proper in this County pursuant to SDCL 15-5-6 and 15-5-8.

**EXHIBIT 1**

## GENERAL ALLEGATIONS

6. On October 19, 2020, Darin was at the Menards store in Rapid City to purchase lumber for use in his job as owner and operator of Barse Pride Construction.

7. Darin was in the lumber department and was on a catwalk, approximately twelve (12) feet off the ground, to obtain lumber.

8. The catwalk had a safety rail around it and customers are allowed to walk on the catwalk to retrieve materials for purchase.

9. Darin had planned to walk the lumber to his pickup, but two Menards employees instructed Darin to put the lumber on a forklift so that they could lower the lumber to the ground for him.

10. Darin followed the instructions of the Menards employees and placed the lumber on the forklift, which had been raised by one of the Menards employees (known as "Tony") up to his height.

11. Moments later, the forklift operator engaged the forklift and the forklift's fork caught/came into contact with the top rail of the catwalk, pushing upwards.

12. The top rail of the catwalk, consisting of a 2x6 piece of lumber, broke under the pressure of the forklift pushing it upward.

13. After the 2x6 failed from the upward pressure, the lumber and forklift's fork then abruptly launched upward and one of the forklift's forks struck Darin in the right forearm.

14. Darin immediately felt pain and saw that his right arm was distorted.

15. Darin is right-hand dominant.

16. X-rays of Darin's right arm revealed that it had been fractured and, days later, Darin underwent surgery.

## COUNT 1 - NEGLIGENCE

17. Darin realleges and incorporates by reference hereto Paragraphs 1 through 16 as though they were fully set forth herein.

18. Menards and its employees had a duty to exercise reasonable care in the performance of their duties for, among other things, the benefit of their customers' safety, including Darin.

19. Menards and its employees breached the aforementioned duty of reasonable care.

20. As a proximate and legal result of Menards' breach of the aforementioned duty, Darin sustained injury; experienced pain and suffering, and will experience pain and suffering in the future; sustained a loss of enjoyment of life; incurred expenses for medical care, and will incur further like expenses in the future; sustained a loss of earnings, and will incur a further loss of earning capacity; and suffered permanent injury and disability.

21. Because the Menards employees were employees and/or agents of Menards and were acting within the course and scope of their employment and/or agency at the time of the incident, Menards is liable for their negligence.

## COUNT 2 – NEGLIGENT TRAINING, SUPERVISION, AND RETENTION

22. Darin realleges and incorporates by reference hereto Paragraphs 1 through 21 as though they were fully set forth herein.

23. With regard to individuals who operated a forklift as part of their duties, Menards had a duty to properly train, supervise, and control such individuals, and to retain competent forklift operators.

24. Menards breached its duty to properly train, supervise, and control the forklift operator that caused injury to Darin. Among other things, Menards did not provide the forklift

operator training regarding the proper operation of a forklift, nor did Menards assure itself that the forklift operator was certified in operating a forklift, kept his certification up to date, and maintained continuing knowledge of how to safely and properly operate a forklift.

25. As a legal result of Menards' breach of the aforementioned duties, Darin sustained injury; experienced pain and suffering, and will experience pain and suffering in the future; sustained a loss of enjoyment of life; incurred expenses for medical care, and will incur further like expenses in the future; sustained a loss of earnings, and will incur a further loss of earning capacity; and suffered permanent injury and disability.

WHEREFORE, Plaintiff respectfully requests that the Court enter a *Judgment* against Defendant Menard, Inc. granting the following relief:

(a) General and special damages in an amount to be proven at trial;

(b) For any and all costs and disbursements incurred in this action, including attorney's fees;

(c) For pre- and post-judgment interest; and

(d) For any other relief the Court deems just and reasonable.

Dated this 9th day of November, 2021.

THOMAS BRAUN BERNARD & BURKE, LLP

By: */s/Kimberly Pehrson*
Kimberly Pehrson
Attorney for Plaintiff
4200 Beach Drive – Suite 1
Rapid City, SD 57702
Tel: 605.348.7516
Fax: 605.348.5852
E-mail: kpehrson@tb3law.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES**